**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhonda Perkins,                         )<br>                                                  )<br>            Plaintiff,                       )<br>                                                  )<br> vs.                                            )<br>                                                  )<br> Alicia Spencer, et al.,                )<br>                                                  )<br>            Defendants.                  )<br>                                                  )<br>_____) | CIV-07-1963-PHX-MHB<br><br>**ORDER** |

Pending before the Court are "Defendants Spencer's Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. #58) and "Motion of Defendants Krizay and Yuma County Adult Probation Department to Dismiss Plaintiff's First Amended Complaint" (Doc. #59). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.[1]

## BACKGROUND

This lawsuit arises from Plaintiff Rhonda Perkins' allegation that Defendant Alicia Spencer ("Spencer"), a probation officer for the Yuma County Adult Probation Department ("the Probation Department"), improperly disclosed confidential information contained in Plaintiff's probation file. Specifically, Plaintiff contends that Spencer disclosed to Plaintiff's

---

[1] Both Plaintiff and Defendants have attached documents and information to their pleadings. Since the Court finds that it is not necessary to consider the materials attached to the motions to dismiss and responses thereto in order to resolve the motions at issue, the Court will not convert the instant motions to motions for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

1  "mother and others" that Plaintiff had failed urinalysis tests, that Plaintiff's boyfriend had
2  been accused of child molestation, and the address at which Plaintiff was living.

3        On January 9, 2008, Plaintiff filed a First Amended Complaint against Spencer and
4  her husband, Steven Spencer ("the Spencers"); the Probation Department; and Martin Krizay
5  ("Krizay"), the Chief Adult Probation Officer for Yuma County.  The First Amended
6  Complaint sets forth claims under both federal and state law.  Counts One and Two assert
7  claims against Defendants pursuant to 42 U.S.C. § 1983 – all based upon alleged violations
8  of Plaintiff's privacy rights under Rule 123 of the Arizona Supreme Court Rules and Article
9  2, § 8 of the Arizona Constitution, which Plaintiff contends are incorporated into the
10 Fourteenth Amendment of the United States Constitution.  Counts Three through Ten allege
11 causes of action against Defendants under Arizona state law, specifically, Unauthorized
12 Disclosure of Confidential Information, False Light Invasion of Privacy, Negligence Per Se,
13 Defamation, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional
14 Distress, Negligent Hiring and Credentialing, and Negligent Training and Supervision.
15 Count Eleven states that Plaintiff is entitled to injunctive relief.

16       On January 28, 2008, the Spencers filed a Motion to Dismiss (Doc. #58).  The
17 Probation Department and Krizay moved to dismiss on January 29, 2008 (Doc. #59).
18 Plaintiff filed responses to both Motions on February 25, 2008 (Docs. ##63, 64).  The
19 Probation Department and Krizay filed a Reply on March 3, 2008 (Doc. #65), and the
20 Spencers filed a Reply on March 5, 2008 (Doc. #66).

## STANDARD OF REVIEW

22       The Federal Rules of Civil Procedure require a "short and plain statement of the claim
23 showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); Gilligan v. Jamco Dev.
24 Corp., 108 F.3d 246, 248-49 (9th Cir. 1997).  Thus, dismissal for insufficiency of a complaint
25 is proper if the complaint fails to state a claim on its face.  See Lucas v. Bechtel Corp., 633
26 F.2d 757, 759 (9th Cir. 1980).  A Rule 12(b)(6) dismissal for failure to state a claim can be
27 based on either:  (1) the lack of a cognizable legal theory; or (2) insufficient facts to support

- 2 -

1 a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
2 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

3 In determining whether an asserted claim can be sustained, all allegations of material
4 fact are taken as true and construed in the light most favorable to the non-moving party. See
5 Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). As for the factual
6 allegations, the Supreme Court has explained that they "must be enough to raise a right to
7 relief above the speculative level." Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct.
8 1955, 1965, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, the issue is not
9 whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer
10 evidence to support the claims. See Gilligan, 108 F.3d at 249.

**DISCUSSION**

**A.     The Probation Department and Krizay's Motion to Dismiss**

The Probation Department and Krizay argue that Plaintiff has failed to allege any facts implicating a violation of privacy rights recognized by the Fourteenth Amendment.[2] Said Defendants also assert that Plaintiff has not alleged any facts supporting a claim for injunctive relief. Regarding Plaintiff's state law claims, the Probation Department and Krizay contend that all claims are barred as a result of Plaintiff's failure to comply with the requirements set forth in Arizona's notice of claim statute.

**1.     Right to Privacy**

In their Motion, the Probation Department and Krizay claim that Plaintiff has failed to allege any facts implicating a violation of privacy rights recognized by the Fourteenth Amendment. In response, Plaintiff states that both prongs of her constitutional right to

---

[2] With respect to Plaintiff's federal law claims, the Probation Department and Krizay additionally argue: (1) that the Probation Department cannot be sued under § 1983; (2) that there is no vicarious liability for the acts of another under § 1983; and (3) that rights established under Rule 123 of the Arizona Supreme Court Rules and Article 2, § 8 of the Arizona Constitution are not actionable under § 1983. Plaintiff has conceded these arguments.

- 3 -

1 privacy were violated. With respect to the first prong, Plaintiff contends that the Probation
2 Department and Krizay violated her right to informational privacy by failing to protect the
3 confidential information contained in her probation file and allowing disclosure of said
4 information to people outside the department. Plaintiff asserts that she has a reasonable
5 expectation of privacy as to the information contained in her file.

6 As to the second prong, Plaintiff alleges that the Probation Department and Krizay
7 violated her right to autonomy in making decisions about family relationships, child rearing,
8 and marriage. Specifically, Plaintiff states that Spencer's disclosures – which occurred as
9 a result of the Probation Department and Krizay's failure to protect the information in her
10 file – were intended to influence her decisions regarding her mother, her daughter, and her
11 boyfriend. Lastly, Plaintiff claims that she has a "protectible interest in her own reputation"
12 pursuant to § 1983.

13 42 U.S.C. § 1983 provides a private right of action against a person who: (1) acts
14 "under color of state law"; and (2) "deprives another of rights guaranteed under the
15 Constitution" or federal statute. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Here,
16 Plaintiff alleges a deprivation of her right to privacy when Spencer disclosed to Plaintiff's
17 "mother and others" that Plaintiff had failed urinalysis tests, that Plaintiff's boyfriend had
18 been accused of child molestation, and the address at which Plaintiff was living.

19 There is no "right of privacy" expressly guaranteed by the United States Constitution.
20 See Grummett v. Rushen, 779 F.2d 491, 493 (9th Cir. 1985). The United States Supreme
21 Court, however, has recognized that "zones of privacy" may be created by specific
22 constitutional guarantees which impose limits upon governmental power. See id.; Paul v.
23 Davis, 424 U.S. 693, 712-13 (1976). Rights found in the "zones of privacy" are limited to
24 those which are "fundamental" or "implicit in the concept of ordered liberty." Roe v. Wade,
25 410 U.S. 113, 152 (1973)(citations omitted).

26 The courts have identified two clusters of personal privacy rights recognized by the
27 Fourteenth Amendment. One bundle of rights relates to ensuring autonomy in making

28

1 certain kinds of significant personal decisions (the autonomy branch); the other relates to
2 avoiding disclosure of personal matters (the informational or confidentiality branch).  See
3 Whalen v. Roe, 429 U.S. 589, 598-600 (1977).

4       The autonomy branch of the Fourteenth Amendment right to privacy is limited to
5 decisions arising in the uniquely personal sphere – matters relating to marriage, procreation,
6 contraception, family relationships, child rearing, and the like.  See Paul, 424 U.S. at 713.
7 Cases implicating the autonomy branch generally involve state laws that interfere with an
8 individual's personal decisions in these specific areas.  See Fleisher v. City of Signal Hill,
9 829 F.2d 1491, 1497 (9th Cir. 1987).  In this instance, Plaintiff's claim under the autonomy
10 branch appears misplaced.  She attempts to shoehorn the alleged acts and omissions of the
11 Defendants into these specific areas.  The Court is not persuaded.  Plaintiff's claim – that the
12 alleged disclosures in this case regarding drug tests, her boyfriend, and her residence were
13 intended to influence her decisions – fails to implicate the established categories of the
14 autonomy branch.  Because Plaintiff fails to challenge a governmental restriction or,
15 otherwise, assert interference imposed upon her decision-making in uniquely personal
16 matters, she cannot bring forth a claim within the reach of the autonomy branch.

17       Plaintiff's argument is no stronger under the informational branch.  In determining
18 whether information disclosed is of such a personal nature that it demands constitutional
19 protection, courts "must consider ... '[whether] the party asserting the right has a legitimate
20 expectation of privacy ... .'"  Nilson v. Layton City, 45 F.3d 369, 371 (10th Cir. 1995)
21 (quoting Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir.
22 1981)).  "Expectations of privacy are legitimate if the information which the state possesses
23 is highly personal or intimate ... , [and] [i]nformation readily available to the public is not
24 protected by the constitutional right to privacy."  Id. at 372.  Although not clearly defined,
25 "[e]ven if the right of confidentiality [or informational privacy] has a range broader than that
26 associated with the right to autonomy, but cf. Borucki v. Ryan, 827 F.2d 836, 841-42 (1st Cir.
27 1987)(suggesting that the right of confidentiality protects only information relating to matters

1 within the scope of the right to autonomy), that range has not extended beyond prohibiting
2 profligate disclosure of medical, financial, and other intimately personal data." Vega-
3 Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 183 (1st Cir. 1997).

4 The disclosure to Plaintiff's "mother and others" stating that Plaintiff had failed
5 urinalysis tests, that Plaintiff's boyfriend had been accused of child molestation, and the
6 address at which Plaintiff was living cannot be accurately characterized as highly personal,
7 intimate, or confidential in this instance. Indeed, instances involving a person's residence,
8 place of employment, illegal drug use, and similar information contained in a police report
9 have all been held not to be constitutionally protected. See, e.g., Russell v. Gregoire, 124
10 F.3d 1079 (9th Cir. 1997)(an individual's residence and place of employment); Mangels v.
11 Pena, 789 F.2d 836 (10th Cir. 1986)(illegal drug use); Scheetz v. The Morning Call, Inc., 946
12 F.2d 202 (3d Cir. 1991)(information contained in police reports). Since the information
13 disclosed cannot be characterized as highly personal, intimate, or confidential so as to
14 establish a reasonable expectation of privacy, Plaintiff cannot bring forth a claim under the
15 informational branch.

16 Lastly, Plaintiff argues that she has a "protectible interest in her own reputation"
17 pursuant to § 1983. Defendants state, however, citing Paul v. Davis that the Supreme Court
18 has explicitly held that a person does not have a constitutionally protected interest in his or
19 her reputation. See 424 U.S. at 711-12. In Paul, the plaintiff's picture appeared in a flyer
20 entitled "Active Shoplifters." The Supreme Court held that the plaintiff's "interest in
21 reputation ... [was] neither 'liberty' nor 'property' guaranteed against state deprivation
22 without due process of law." Id. at 712.

23 Nevertheless, Plaintiff cites Bohn v. County of Dakota, 772 F.2d 1433 (8th Cir. 1985)
24 to support her argument that she has a constitutionally protected interest in her reputation as
25 a parent. In Bohn, the Eighth Circuit found that the Bohns have a protectible interest in their
26 reputations. See id. at 1436 n.4. The court stated that "[b]y identifying the Bohns as child
27 abusers, investigating the quality of their family life, and maintaining data on them, the

28
- 6 -

1  County Department exposed them to public opprobrium and may have damaged their
2  standing in the community." Id. Citing to Wisconsin v. Constantineau, 400 U.S. 433, 437
3  (1971), the Bohn court noted that "[w]here the State attaches a 'badge of infamy' to the
4  citizen, due process comes into play. ... Where a person's good name, reputation, honor or
5  integrity is at stake because of what the government is doing to him, notice and an
6  opportunity to be heard are essential." Id. Distinguishing Paul, the Bohn court held:

> When the County Department found Bohn to be a child abuser, it drove a wedge into this family and threatened its very foundation. The stigma Mr. Bohn suffers as a reported child abuser undoubtedly has eroded the family's solidarity internally and impaired the family's ability to function in the community. In light of these clear adverse effects on familial integrity and stability, we find that Mr. Bohn's reputation is a protectible interest. Because this stigma strikes so directly at the vitality of the family, we find the reputation interest at stake to be clearly distinguishable from the respondent's record of petty crimes in *Paul*, which was tied to no other protectible interest.

Id.

The Court – finding that Plaintiff's alleged "protectible interest in her own reputation" is not tied to any other protectible interest (as previously set forth in this discussion) – determines that the circumstances set forth in Bohn are clearly distinguishable from the instant matter. Accordingly, Plaintiff does not have a constitutionally protected interest in her reputation.

Plaintiff has failed to allege facts implicating a violation of privacy rights recognized by the Fourteenth Amendment. Thus, the Court will grant the Probation Department and Krizay's Motion to Dismiss as to Plaintiff's right to privacy claims.[3]

**2.    Injunctive Relief**

In Count Eleven of her First Amended Complaint, Plaintiff seeks injunctive relief. The Probation Department and Krizay claim that Plaintiff has not set forth any facts supporting a claim for injunctive relief.

---

[3] Since the Court has dismissed Plaintiff's right to privacy claims as to the Probation Department and Krizay, it need not address their claim of immunity.

- 7 -

1    In order to state a claim for injunctive relief, Plaintiff must allege facts that she was
2 "realistically threatened by a repetition" of the violation of her constitutional rights. See City
3 of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983). The threat of future injury must be real
4 and immediate, not simply conjectural or hypothetical. See id. at 101-02. Allegations of
5 "[p]ast exposure to illegal conduct does not in itself show a present case or controversy
6 regarding injunctive relief ... if unaccompanied by any continuing, present adverse affects."
7 Id. at 102 (quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

8    The Court finds that Plaintiff has failed to allege any facts supporting a claim for
9 injunctive relief. Notwithstanding the fact that Plaintiff's probation has concluded and she
10 is no longer under the supervision of the Probation Department, and the fact that the Court
11 has not found a violation of Plaintiff's constitutional rights, Plaintiff attempts to assert a
12 continuing threat supporting her claim for injunctive relief by submitting her own affidavit.
13 Plaintiff's affidavit, however, is improper. The Court will not consider documents and
14 information attached to the parties' pleadings when ruling on a motion to dismiss.
15 Accordingly, Plaintiff is not entitled to injunctive relief. As such, the Court will grant the
16 Probation Department and Krizay's Motion as to Count Eleven.

17    **3.    State Law Claims**

18    The Probation Department and Krizay contend that Plaintiff's state law claims are
19 barred by Plaintiff's failure to comply with the requirements set forth in Arizona's notice of
20 claim statute. Specifically, with respect to the Probation Department, an agency of the State
21 of Arizona, Defendants allege that Plaintiff failed to file her notice of claim with the entity
22 authorized to accept service for the Probation Department – the Arizona Attorney General.[4]

---

[4] As to Krizay, Defendants state that Plaintiff's claims are precluded because the notice of claim failed to provide notice that Krizay would be sued personally as required by statute. Plaintiff has failed to respond to Defendants' argument. The Court finds that the uncontroverted papers of Defendants are sufficient to support the assertion that Plaintiff's state law claims as to Krizay are precluded because the notice of claim failed to provide notice that Krizay would be sued personally. See also LRCiv 7.2(i) (if a party files a motion,

In response, Plaintiff concedes that she failed to serve the notice of claim on the Arizona Attorney General, but argues that the Attorney General received notice of the claim "in fact." Additionally, Plaintiff states that she served the notice on other government entities besides the State and claims that the "proper name, 'Probation Department' suggests that the department is a county entity."

Under applicable Arizona law, "[b]efore initiating an action for damages against a public entity, a claimant must provide a notice of claim to the entity in compliance with Arizona Revised Statutes (A.R.S.) section 12-821.01 []." Deer Valley Unified School Dist. No. 97 v. Houser, 152 P.3d 490, 491 (Ariz. 2007). A.R.S. § 12-821.01(A) states in relevant part:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona [R]ules of [C]ivil [P]rocedure within one hundred eighty days after the cause of action accrues.

The notice of claim must contain sufficient facts to advise the public entity or employee of the basis of the claim and a specific amount for which the claim can be settled. See id. The purpose of the statute is to provide the government with an opportunity to investigate the claim, assess its possible liability, and to reach a settlement. See Barth v. Cochise County, 138 P.3d 1186, 1189 (Ariz. Ct. App. 2006); Howland v. State, 818 P.2d 1169, 1175 (Ariz. Ct. App. 1991). Failure to comply with the statute bars a plaintiff from pursuing the underlying cause of action. See Harris v. Cochise Health Systems, 160 P.3d 223, 230 (Ariz. Ct. App. 2007); Salerno v. Espinoza, 115 P.3d 626, 627-28 (Ariz. Ct. App. 2005).

As previously stated, Plaintiff concedes that she failed to serve the notice of claim on the Arizona Attorney General. Plaintiff, nonetheless, asserts that her notice was sufficient

---

and the opposing party "does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily").

- 9 -

1  since the Attorney General later received notice of the claim "in fact," and the name of the
2  Probation Department suggests that it is a entity of the County.

3  A.R.S. § 12-821.01(A) states that "[p]ersons who have claims against a public entity
4  or a public employee shall file claims with the person or persons authorized to accept service
5  for the public entity or public employee as set forth in the Arizona [R]ules of [C]ivil
6  [P]rocedure." Probation officers are part of the judicial department of the State, see
7  Broomfield v. Maricopa County, 544 P.2d 1080, 1083 (Ariz. 1975)(probation officers part
8  of judicial function); State v. Pima County Adult Prob. Dep't, 708 P.2d 1337, 1339 (Ariz.
9  Ct. App. 1985)(statutes and case law demonstrate probation officers are part of the judicial
10 department), and court personnel are State employees, see Salerno, 115 P.3d at 628 (Ariz.
11 Ct. App. 2005)(deputy clerk of Superior Court is employee of State of Arizona).

12 Since Plaintiff's claims arise from the actions of a probation officer, who is part of the
13 judicial department of the State, service as to the Probation Department was required to be
14 made on the State. The Arizona Rules of Civil Procedure expressly provide that service on
15 the State is to be made on the Attorney General. See Ariz.R.Civ.P. 4.1(h).

16 Plaintiff's contention that she satisfied the requirements of the notice of claim statute
17 by actual notice and substantial compliance is not persuasive. In Falcon v. Maricopa County,
18 144 P.3d 1254 (Ariz. 2006), the plaintiff had attempted to accomplish service of his notice
19 of claim on the County by delivering it to one member of the Board of Supervisors. The
20 Supreme Court ruled that service of the claim was not adequate, since the Rules of Civil
21 Procedure required service either on every member of the Board or on the Board's clerk. See
22 id. at 1258, 1260. In making its ruling, the Supreme Court explicitly stated that actual notice
23 to the defendant of the claim and substantial compliance with the claim statute do not excuse
24 a failure to meet all of the statutory requirements of A.R.S.§ 12-821.01. See id. at 1256.

25 Accordingly, service of the notice of claim on the Probation Department or any other
26 entity or individual besides the State was not effective because the Attorney General was the
27
28
- 10 -

authority that must be served.  The Court will, therefore, grant the Probation Department and Krizay's Motion as to Plaintiff's state law claims.

**B.     The Spencers' Motion to Dismiss**

As argued in the Probation Department and Krizay's Motion, the Spencers also contend that Plaintiff has failed to allege any facts implicating a violation of privacy rights recognized by the Fourteenth Amendment.[5]  Regarding Plaintiff's state law claims, the Spencers likewise argue that said claims are barred as a result of Plaintiff's failure to comply with the requirements set forth in Arizona's notice of claim statute.

**1.     Federal Claims**

The Spencers assert that Plaintiff has failed to allege any facts implicating a violation of privacy rights recognized by the Fourteenth Amendment.  As in her response to the Probation Department and Krizay's Motion, Plaintiff again claims that both prongs of her constitutional right to privacy were violated.  Plaintiff states that Spencer violated her right to informational privacy when she disclosed confidential probation information to people outside the department.  She contends that she has a reasonable expectation of privacy as to the information contained in her file.

Plaintiff also asserts that Spencer violated her right to autonomy in making decisions about family relationships, child rearing, and marriage.  Plaintiff alleges that Spencer's disclosures were intended to influence her decisions regarding her mother, her daughter, and her boyfriend.  Lastly, Plaintiff argues that she has a "protectible interest in her own reputation" pursuant to § 1983.

Within this discussion, the Court has already determined that Plaintiff has failed to assert a violation of her privacy rights pursuant to the Fourteenth Amendment.  Specifically,

---

[5] As she did with respect to the Probation Department and Krizay's Motion, Plaintiff has also conceded the Spencers' additional argument that rights established under Rule 123 of the Arizona Supreme Court Rules and Article 2, § 8 of the Arizona Constitution are not actionable under § 1983.

- 11 -

1  the Court found that Spencer's disclosures to Plaintiff's "mother and others" that Plaintiff
2  had failed urinalysis tests, that Plaintiff's boyfriend had been accused of child molestation,
3  and the address at which Plaintiff was living cannot be characterized as highly personal,
4  intimate, or confidential, so as to establish a reasonable expectation of privacy.  Further, the
5  Court determined that these specific disclosures, which Plaintiff alleges were intended to
6  influence her decisions, fail to implicate any of the established categories of the autonomy
7  branch.  Additionally, the Court found that Plaintiff does not have a "protectible interest in
8  her own reputation" in that said interest is not tied to any other protectible interest.

9  Regarding Plaintiff's claim for injunctive relief, the Court also found that Plaintiff has
10 not alleged any facts supporting this claim since there are no allegations of a continuing
11 threat, Plaintiff's probation has concluded, and the fact that the Court has not found a
12 violation of Plaintiff's constitutional rights.

13 The Court's analysis in resolving the Probation Department and Krizay's Motion to
14 Dismiss applies equally to the Spencers' Motion.  Accordingly, the Court will grant the
15 Spencers' Motion to Dismiss as to Plaintiff's federal law claims.[6]

### 2. State Law Claims

17 The Spencers argue that Plaintiff's state law claims are barred due to Plaintiff's failure
18 to comply with the requirements set forth in Arizona's notice of claim statute.  The Spencers
19 contend that Plaintiff failed to serve the notice of claim on Spencer and, in any event, the
20 notice of claim is invalid because it fails to provide a factual foundation for the settlement
21 amount.

22 In response, Plaintiff concedes that she failed to serve the notice of claim on Spencer,
23 but argues that service of the notice on Krizay satisfied the requirements set forth in the
24 statute.  With respect to service on the proper party, Plaintiff additionally notes that the

---

[6] Again, as the Court has dismissed Plaintiff's right to privacy claims as to the Spencers, it need not address their additional claim of immunity.

1  notice of claim statute does not apply to allegations against Spencer in her individual
2  capacity. Plaintiff further asserts that her notice of claim meets the statutory requirements
3  by setting forth sufficient explanation as to her settlement amount.

4        As the Court has previously stated, under Arizona's notice of claim statute, a plaintiff
5  with a claim against a public entity or a public employee must first file a notice of claim with
6  the person authorized to accept service on behalf of that entity or employee within 180 days
7  after the cause of action accrues. See A.R.S. § 12-821.01(A). Compliance with the notice
8  provision is a "mandatory and essential prerequisite," Martineau v. Maricopa County, 86
9  P.3d 912, 914 (Ariz. Ct. App. 2004), and a plaintiff's failure to comply bars any claim,
10 Salerno, 115 P.3d at 627-28.

11       First, Plaintiff incorrectly implies that the notice of claim statute only applies to public
12 entities, not individuals. The statute expressly applies to "[p]ersons who have claims against
13 a public entity or *a public employee*." A.R.S. § 12-821.01(A) (emphasis added). There is
14 no dispute that Spencer is a public employee.

15       Plaintiff also argues that the notice of claim statute does not apply because her claims
16 are asserted against Spencer in her individual, as well as his official capacity. This
17 distinction, however, is not relevant in the context of the notice of claim statute. Instead, the
18 relevant inquiry is whether the claims arise "out of acts by public employees in the scope of
19 their employment." McCloud v. State, 170 P.3d 691, 699 (Ariz. Ct. App. 2007). An
20 employee's conduct falls within the scope of employment "if it is the kind the employee is
21 employed to perform, it occurs within the authorized time and space limits, and furthers the
22 employer's business even if the employer has expressly forbidden it." Id. at 700. An
23 employee's improper conduct will be deemed "within the scope of employment" if the
24 conduct is "incidental to the employee's legitimate work activity." Dube v. Desai, 186 P.3d
25 587, 590-91 (Ariz. Ct. App. 2008)(citing State v. Schallock, 941 P.2d 1275, 1283 (Ariz.
26 1997)(an employee may act within the scope of authorized employment when sexually
27 harassing subordinates)).

28

1   Here, the Court finds that the specific allegations demonstrate that the claims against
2   Spencer arose within the context of her employment. Because the claims against Spencer are
3   alleged to have occurred within the scope of her employment, compliance with the notice of
4   claims statute is required.

5   The Spencers argue, and Plaintiff concedes, that Plaintiff failed to serve the notice of
6   claim on Spencer. The Spencers allege that this is insufficient notice as the notice of claim
7   was to be served on Spencer personally. The Court agrees. The law requires that service be
8   made on public employees, in addition to the entities that employ them, as a prerequisite to
9   any lawsuit against such employees. See Johnson v. Superior Court, 763 P.2d 1382, 1384
10  (Ariz. Ct. App. 1998). The delivery of a notice of claim to Krizay was not sufficient, and
11  actual notice and substantial compliance do not meet the statutory requirements. See Falcon,
12  144 P.3d at 1256. The Court will, therefore, grant the Spencers' Motion to Dismiss as to
13  Plaintiff's state law claims.

## CONCLUSION

15  The Court – finding that Plaintiff has failed to assert any facts implicating a violation
16  of privacy rights recognized by the Fourteenth Amendment; has failed to allege any facts
17  supporting a claim for injunctive relief; and has failed to comply with Arizona's mandatory
18  notice of claim statute – will grant both the Probation Department and Krizay's Motion to
19  Dismiss and the Spencer's Motion to Dismiss.

20  Accordingly,
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28
- 14 -

**IT IS ORDERED** that "Defendants Spencer's Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. #58) is **GRANTED**;

**IT IS FURTHER ORDERED** that the "Motion of Defendants Krizay and Yuma County Adult Probation Department to Dismiss Plaintiff's First Amended Complaint" (Doc. #59) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

DATED this 29th day of September, 2008.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge